924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Joe HOLLAND, Plaintiff-Appellant,
v.
William SEABOLD, Michael Samberg, Wayne Dunn, Defendants-Appellees.
 No. 90-5558.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 Holland appeals from the district court's summary judgment for the defendants in this civil rights complaint filed under 42 U.S.C. Sec. 1983. Additionally, Holland requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Holland is a prisoner at the Kentucky State Penitentiary (KSP). The defendants are the Commissioner for Adult Institutions, the Deputy Commissioner for Adult Institutions, and the Warden at KSP. Holland's complaint alleged that the defendants' review and reversal of the decision of the KSP Classification Committee violated his constitutional right to due process. Both parties moved for summary judgment. The district court granted summary judgment to the defendants. The court held that Holland had no constitutional right which would preclude or prohibit defendants from conducting a review of and reversing the decision of the KSP Classification Committee. The court further held that no liberty interest or other entitlement had been created by Kentucky or KSP which would foreclose such a review. Cf. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909-10 (1989); see also Olim v. Wakinekona, 461 U.S. 238, 250 n. 12 (1983).
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment as there existed no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). It should also be noted that Holland failed to sue the defendants in their individual capacities; therefore, the defendants are not subject to suit for damages under Sec. 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 5
 Accordingly, the request for counsel is denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation